GOODWIN, Circuit Judge,
dissenting:
I respectfully dissent. Even if we consider the evidence that the district court improperly excluded, Uche-Uwakwe has not raised a genuine issue of material fact that she suffered an adverse employment action.
I agree with the majority that the district court should have considered the Maze and Underwood affidavits and the EEO records that were authenticated by Greg Underwood. I also agree with the majority that, even after considering the additional evidence, summary judgment was proper on Uehe-Uwakwe’s Title VII claims for failure to promote and for hostile work environment. I disagree, however, with the majority’s analysis of the disparate treatment and retaliation claims.
A. Disparate treatment
A prima facie case of disparate treatment under Title VII requires the plaintiff to show that “(1) he belonged to a protected class; (2) he was qualified for his job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment.” Anthoine v. N. Central Counties Consortium, 605 F.3d 740, 753 (9th Cir.2010).[1]
Uche-Uwakwe has not alleged an adverse employment action. “[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment.” Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir.2008) (internal quotation marks and alterations omitted). “Among those decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for a promotion.” Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). On the other hand, “we have held that declining to hold a job open for an employee and badmouthing an employee outside the job reference context do not constitute adverse employment actions.” Id. at 929.
The majority concludes that the reports of contact and the formal reprimand letter from the Chief Pharmacist, Dr. Brian Kawahara, qualify as adverse employment actions, but I disagree.
1. Reports of contact
Between January 3, 2002, and June 24, 2004, coworkers, doctors, and patients filed thirty formal reports of contact against Uche-Uwakwe for what they claimed to be disrespectful or unprofessional behavior.[2]
*548 Uche-Uwakwe has not presented any evidence that those reports of contact affected the compensation, terms, conditions, or privileges of employment. See Davis, 520 F.3d at 1089. She has also not presented any evidence that those reports of contact were disseminated, that they were undeserved, or that her employer encouraged employees to file them. See Brooks, 229 F.3d at 928. Therefore, the reports of contact do not qualify as an adverse employment action.
2. The reprimand letter
On August 26, 2004, after the thirty reports of contact had been filed, Dr. Brian Kawahara issued a letter titled “Notice of Proposed Reprimand” to Uche-Uwakwe.[3] The letter discussed several specific incidents in which Uche-Uwakwe was alleged to have acted unprofessionally or disrespectfully. Dr. Kawahara met with Uche-Uwakwe, read the letter to her, gave her two copies, let her read the letter, and asked her to sign and date it.[4] They did not discuss the matter, and the meeting was adjourned.
Uche-Uwakwe has not presented any evidence that this reprimand letter affected the compensation, terms, conditions, or privileges of her employment, see Davis, 520 F.3d at 1089, or that the letter was disseminated or undeserved, see Brooks, 229 F.3d at 928-29. Accordingly, the reprimand letter does not qualify as an adverse employment action.
B. Retaliation
To establish a prima facie case of retaliation, the employee must show (1) that she engaged in a protected activity, (2) that she was subsequently subjected to an adverse employment action, and (3) that a causal link exists between the two events. Dawson v. Entek Int'l 630 F.3d 928, 936 (9th Cir.2011).
The majority again determines that the reports of contact and the reprimand letter qualify as adverse employment actions. For the reasons stated above, I do not agree that those actions are adverse employment actions.
I respectfully dissent and would affirm summary judgment on all claims.

. For other cases that discuss the four-element test for a disparate treatment claim, see Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir.2009); Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir.2008); Moran v. Selig, 447 F.3d 748, 753 (9th Cir. 2006); Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir.2004); Kang v. U. Lim Am., Inc., 296 F.3d 810, 818 (9th Cir.2002); Chuang v. Univ. of Cal., 225 F.3d 1115, 1123 (9th Cir.2000).

. II ER 190-223.

. II ER 180-83.

. II ER 67-68.